IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JAMEL MCKELVEY,**

      **Plaintiff,**

v.                                      **Case No. 3:13-cv-22206**

**WRJ STAFF, WESTERN
REGIONAL JAIL, et al.,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER

      Pending before the Court are Plaintiff's request to add defendants, (ECF No. 60), and Motion of C. O. Blankenship to Stay Proceedings, (ECF No. 76). On June 24, 2014, the Court held a hearing on the pending matters and a discovery status conference. Plaintiff appeared via video conference connection from the Huttonsville Correctional Center, and Defendants appeared by counsel, William E. Murray, Esquire. After hearing from Plaintiff and counsel for Defendants, the Court **ORDERS** as follows:

      1.    Plaintiff's request to add certain individuals as defendants, (ECF No. 60), is construed as a motion for leave to amend the complaint and is **GRANTED**, in part. Plaintiff is granted leave to amend the complaint to add as defendants Correctional Officer Chapman, Correctional Officer Chastain, Correctional Officer Erwin, and Correctional Officer Coffee (for the September 11 incident only). Within **ten (10) days** of the date of this Order, Defendants' counsel is **ORDERED** to provide last known addresses for service of the summons and complaint upon these newly added

1

defendants, or to advise the Clerk if counsel can accept service on their behalf. Upon receipt of the addresses, the Clerk shall issue summonses, and the U.S. Marshals Service shall serve the newly added defendants with a copy of the summons, complaint, ECF No. 60, and this Order. If counsel accepts service, the Clerk shall forward the documents to counsel.

2. The Motion of C. O. Blankenship to Stay Proceedings is **DENIED** at this time, without prejudice to the filing of a supplemental motion. The Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. App. §§ 501-597b, provides for the temporary suspension of judicial proceedings that may adversely affect the civil rights of servicemembers during their military service. Under § 522 of the SCRA, the court shall stay a civil action for a period of not less than 90 days, if an application for stay is filed by a qualified servicemember that is a party to the action. The application must include the following:

> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. App. § 522(b)(2). In this case, C. O. Blankenship requested a stay of proceedings through counsel and attached written orders instructing him to report for basic training in Missouri on April 28, 2014. (ECF No. 76-1 at 2). The orders indicate that training will last "[a]pproximately 20 weeks ... or until complete." (*Id.*). Blankenship did not provide a date when he would be "available to appear," nor did he attach a communication from his commanding officer stating that his current military

duty prevents his appearance or participation in this civil action. Nevertheless, "[t]he [SCRA] is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Boone v. Lightner,* 319 U.S. 561, 575, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943) (interpreting the Soldiers' and Sailors' Civil Relief Act, a predecessor to the SCRA). Consequently, "[t]he discretion that is vested in trial courts ... is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial." *Id.* at 575.

Bearing all of this in mind, the undersigned finds that staying the action at this point in the proceedings will not serve the purpose of the SCRA given that basic housekeeping matters need to be completed and nothing specific or unique to the rights and liabilities of C. O. Blankenship is in the process of being adjudicated. In addition, counsel for Blankenship advised the court that he only recently learned of his client's military orders and requires additional time to determine how basic training is expected to affect Blankenship's future plans. Accordingly, the case will proceed at this time with the understanding that a stay may be necessary in the near future should Blankenship's involvement in the case be impeded by his military service. Counsel for Blankenship will supplement the record with specific information should that prove to be the case.

The Clerk is directed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** June 25, 2014

Cheryl A. Eifert
United States Magistrate Judge