IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JAMEL MCKELVEY,**

       **Plaintiff,**

v.                                            **Case No. 3:13-cv-22206**

**WRJ STAFF, WESTERN
REGIONAL JAIL, et al.,**

       **Defendants.**

## **PROPOSED FINDS OF FACT AND RECOMMENDATIONS**

On August 23, 2013, Plaintiff Jamel McKelvey ("McKelvey) filed a complaint in the United States District Court for the Southern District of West Virginia, asserting a cause of action under 42 U.S.C. § 1983. (ECF No. 1). The complaint is based on an alleged physical assault McKelvey suffered on September 11, 2011 at the hands of correctional officers at the Western Regional Jail in Barboursville, West Virginia. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5). Currently pending before the Court are the response of McKelvey to an order regarding the joinder of parties, (ECF No. 60), and the Defendants' Motion to Dismiss, (ECF No. 61).

By way of background, the undersigned entered a scheduling order that allowed the parties through April 30, 2014 in which to join additional parties and amend their pleadings. (ECF No. 52 at 2). On April 30, 2014, McKelvey filed a "response" to the order, adding nine individual correctional officers as defendants in the action. (ECF No. 60 at 2). In the response, McKelvey indicated that three of the nine officers participated in the September 11, 2011 assault that formed the basis of his complaint. However, five of the nine officers were being joined for an alleged assault that occurred on August 7, 2011, and one officer was added for purportedly participating in both assaults.

Upon receipt of McKelvey's response/joinder, Defendants filed a motion to dismiss the five officers connected only with the alleged assault that occurred on August 7, 2011, as well as the claims against the officer charged with both assaults to the extent that the claims related to the August assault. (ECF No. 61). Accordingly, the undersigned construed McKelvey's response as a motion for leave to amend the complaint, and Defendants' motion to dismiss as a response in opposition to the motion for leave to amend the complaint, and notified McKelvey that he had the right to file a reply to Defendants' response. (ECF No. 64). McKelvey filed a reply, (ECF No. 68), and the court conducted a hearing on the issue on June 24, 2014.

Having fully considered the matter, the undersigned **FINDS** that McKelvey's claims related to an August 7, 2011 assault at the Western Regional Jail are barred by the applicable statute of limitations. Accordingly, the undersigned respectfully **RECOMMENDS** that the District Judge **DENY** McKelvey's motion for leave to amend the complaint, (ECF No. 60), to the extent that he seeks to add Correctional Officer Ferguson, Correctional Officer Stiltner, Correctional Officer Lusher, Correctional Officer Issa, Correctional Officer Shaw, and claims against Correctional Officer Coffee related to

the August 7, 2011 assault, and **GRANT** Defendants' opposition to the joinder of these correctional officers.[1] (ECF No. 61).

### *Statute of Limitations Bar*

An action brought under 42 U.S.C. § 1983 is governed by the limitations periods of the state in which the action is brought. *See Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In this case, McKelvey filed his complaint in the Southern District of West Virginia; consequently, West Virginia's limitation period will determine the relevant time frame here. The United States Court of Appeals for the Fourth Circuit has held that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." *McCausland v. Mason County Bd. of Ed.,* 649 F .2d 278, 279 (4th Cir. 1981). According to the language of West Virginia Code § 55-2-12(b), which provides the limitation period for personal injury claims, all such actions must be brought "within two years next after the right to bring the same shall have accrued." To determine when a cause of action accrues for purposes of § 1983, the court looks to federal law. *Brooks v. City of Winston–Salem, NC,* 85 F.3d 178, 181 (4th Cir. 1996). A cause of action accrues under federal law when "the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, MD House of Corr.,* 64 F.3d 951, 955 (4th Cir. 1995).

McKelvey initiated this civil action on August 23, 2013 and complained only about one assault perpetrated upon him by correctional officers. That assault occurred on September 11, 2011. He now attempts to add as defendants correctional officers that

---

[1] The remaining correctional officers and the claims against Correctional Officer Coffee based upon the September 11, 2011 assault have been joined in the pending action. *(See* ECF No. 79).

allegedly assaulted him on August 7, 2011.[2] Clearly, McKelvey's action against the recently identified officers accrued on August 7, 2011, when the assault took place. Accordingly, he had two years from that date to file a complaint against them. Even if the undersigned assumes for the sake of argument that McKelvey's April 2014 joinder relates back to the date the complaint was filed, any claims relating to the August 7, 2011 assault are still barred by the applicable two-year statute of limitations. Although leave to amend a complaint should be freely granted to meet the ends of justice, a motion to amend should be denied when the amendment would be futile. *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006). Claims barred by the statute of limitations are plainly futile. *Keller v. Prince George's County,* 923 F.2d 30, 33 (4th Cir. 1991). Therefore, McKelvey's motion to amend the complaint and add claims pertaining to the August 7, 2011 assault, and the corresponding defendants, should be denied.

### *Proposal and Recommendations*

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the findings herein and **RECOMMENDS** that:

1. Plaintiff's motion to amend and add defendants, (ECF No. 60), be **DENIED** to the extent that he seeks to add claims and defendants related to an August 7, 2011 assault; and

2. Defendants' opposition to the motion to amend/Defendant's motion to dismiss amendment, (ECF No. 61), be **GRANTED.**

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

---

[2] McKelvey filed a second complaint form on August 30, 2013 in which he mentions a prior assault that occurred in February 2011; however, no claims have been asserted regarding that matter, and any such claims would be barred by the statute of limitations. (*See* ECF No. 3).

4

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, counsel of record, and any unrepresented party.

**FILED:** June 25, 2014.

.

Cheryl A. Eifert
United States Magistrate Judge