IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAMEL MCKELVEY,

    Plaintiff,

v.                                                      Case No. 3:13-cv-22206

WESTERN REGIONAL JAIL;
MIKE CLARK, Administrator of the
Western Regional Jail;
CORRECTIONAL OFFICER HARSHBARGER;
CORRECTIONAL OFFICER KELLY;
CORRECTIONAL OFFICER RYDER;
CORRECTIONAL OFFICER GILKERSON;
CORRECTIONAL OFFICER BLANKENSHIP;
CORPORAL FERRELL;
LIEUTENANT ALDRIDGE;
CORRECTIONAL OFFICER CHAPMAN;
CORRECTIONAL OFFICER CHASTAIN;
CORRECTIONAL OFFICER ERWIN;
CORRECTIONAL OFFICER COFFEY; and
CORRECTIONAL OFFICER JOHN DOES #1-5,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Entry of a Default against defendant Mike Clark. (ECF No. 143). Some of the defendants have filed a response to the motion, (ECF No. 146), and Plaintiff has filed a reply to the response. (ECF No. 147). For the reasons that follow, the Court **DENIES** Plaintiff's motion.

Federal Rule of Civil Procedure 55(a) states that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

1

However, before a default can be entered, "a court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2682 (3d ed.); *Woltz v. Nash*, No. 5:11–cv–00058, 2012 WL 314173, at *4 (S.D.W.Va. Feb. 1, 2012) (holding that an entry of default can only be entered against a party that was "properly served in the manner required by the Federal Rules of Civil Procedure"); *see, also, Hodges v. Washington Metropolitan Area Transit Authority*, No. CBD–14–0891, 2014 WL 5797754, at *1 (D.Md. Nov. 5, 2014) ("Entry of default and default judgment may only be entered after a defendant has been properly served") (*citing Maryland State Firemen's Ass'n v. Chaves,* 166 F.R.D. 353, 354 (D.Md. 1996)) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or default judgment may be entered against a defendant.")

In this case, Plaintiff moved to amend his complaint and add Mike Clark as a defendant on November 1, 2013. (*See* ECF No. 19 at 2). The Court granted the motion and ordered the Clerk to issue a summons for Mr. Clark. In addition, the United States Marshals Service was ordered to serve the summons and complaint on Mr. Clark pursuant to Federal Rule of Civil Procedure 4 and West Virginia Rule of Civil Procedure 4(d). (*Id.* at 2-3). A summons was issued by the Clerk of Court addressed to Mr. Clark at his last known residence address. (ECF No. 22). No other address for Mr. Clark was readily available. The United States Marshals Service attempted to serve Defendant Clark with the summons and complaint, but service was unsuccessful. Therefore, the summons was returned unexecuted and filed as unexecuted with the Clerk of Court. (ECF No. 33). It appears from the documents filed with the Clerk that Mr. Clark has

moved and left no forwarding address. (*Id.* at 5). No further attempts at service have been made. Consequently, Defendant Clark has not been served with process. Because proper service is a precondition to the entry of a default, Plaintiff's motion must be denied.

It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** January 21, 2015

_____
Cheryl A. Eifert
United States Magistrate Judge