IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAMEL MCKELVEY,

      Plaintiff,

v.                                 Case No. 3:13-cv-22206

WESTERN REGIONAL JAIL;
MIKE CLARK, Administrator of the
Western Regional Jail;
CORRECTIONAL OFFICER HARSHBARGER;
CORRECTIONAL OFFICER KELLY;
CORRECTIONAL OFFICER RYDER;
CORRECTIONAL OFFICER GILKERSON;
CORRECTIONAL OFFICER BLANKENSHIP;
CORPORAL FERRELL;
LIEUTENANT ALDRIDGE;
CORRECTIONAL OFFICER CHAPMAN;
CORRECTIONAL OFFICER CHASTAIN;
CORRECTIONAL OFFICER ERWIN;
CORRECTIONAL OFFICER COFFEY;
CORRECTIONAL OFFICER DANNY JONES;
CORRECTIONAL OFFICER STEPHENS; and
CORRECTIONAL OFFICER CHRIS CARTER,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATIONS

On August 23, 2013, Plaintiff filed a *pro se* Complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights guaranteed by the Fourteenth Amendment to the United States Constitution. (ECF No. 1). Pending before the Court is the Motion to Dismiss of Defendant Jerry Ryder pursuant to Fed. R. Civ. P. 12(b)(6)

and West Virginia Code Section 55-2-12. (ECF No. 102). Plaintiff filed a response to the Motion to Dismiss, (ECF No. 136), and the parties were permitted to argue the motion at a status conference held by the undersigned on January 20, 2015. (ECF No. 148). In addition, the parties were given ten days after the hearing to supplement the record with other materials supportive of their positions. (ECF No. 149). Accordingly, the issues have been fully developed and briefed and are ready for resolution.

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, the undersigned **RECOMMENDS** that Plaintiff's Complaint against Defendant Jerry Ryder be **DISMISSED**, with prejudice, for failure to state a claim compensable at law. The undersigned further **RECOMMENDS** that Defendant "Correctional Officer Ryder" likewise be **DISMISSED**, with prejudice, and removed from the style of the case, as any claims articulated against that defendant are barred by the statute of limitations.

I.    <u>**Relevant Facts**</u>

Plaintiff Jamel McKelvey ("McKelvey") was an inmate at the Western Regional Jail in Barboursville, West Virginia on September 11, 2011 when he was allegedly assaulted by a number of correctional officers. (ECF No. 3 at 5-7). According to McKelvey, the attack began in his cell at the hands of Defendant Correctional Officer Harshbarger, who was joined by Defendants Kelly and Jones. (*Id.*). The assault continued as McKelvey was taken from his cell and escorted to the medical unit of the Jail. As many as ten correctional officers became involved in the assault, although McKelvey could not identify all of them because he was sprayed in the face with mace

and knocked to the floor during the attack. Several of his teeth were broken when he fell to the floor, and his lip required stitches. (*Id.*).

On August 23, 2013, McKelvey filed a handwritten complaint pursuant to 42 U.S.C. § 1983, claiming that on September 11, 2011 he was physically assaulted, traumatized, and forced to endure degradation and racial slurs at the hands of unnamed correctional officers. (ECF No. 1). On August 30, 2013, McKelvey supplemented his complaint by filing a court-approved form. In the supplemental complaint, McKelvey expounded on the events of September 11, 2011, identifying by name some of the correctional officers involved in the assault. However, McKelvey only named as defendants the Western Regional Jail and the "WRJ Staff." He requested that the Court institute criminal charges against the correctional officers and the jail administrators and appoint him counsel. (ECF No. 3). In the supplemental complaint, McKelvey also included allegations related to two other assaults; one that allegedly occurred on February 17, 2011, and a second that occurred on September 10, 2011. (ECF No. 3 at 7). McKelvey claimed that on or about February 17, 2011, while in his cell, he was attacked and choked by "C.O. Ryder." (*Id.*). McKelvey further maintained that on September 10, 2011, the day prior to the assault that triggered the lawsuit, correctional officer Blankenship became angry with him over an issue involving the mail. For no apparent reason, Blankenship grabbed McKelvey by the arm, spun him around, pulled him to the ground, and then punched and kneed him while he lay, unresisting, on the floor. (*Id.*).

On November 1, 2013, the undersigned held a status conference during which considerable discussion took place regarding the identities of the correctional officers involved in the September 11, 2011 incident. (ECF No. 18). Based upon McKelvey's

recollections, the Court entered an Order allowing McKelvey to substitute seven named correctional officers and five John Does for the "WRJ Staff," and to add the Western Regional Jail's Administrator as a Defendant. (ECF No. 19 at 2). Of particular relevance to this motion, McKelvey was granted leave to join Correctional Officer Ryder as a defendant based not on the alleged February 2011 incident, but on Ryder's purported involvement in the September 11, 2011 attack.

On December 3, 2011, Jerry Ryder, a correctional officer at the Western Regional Jail, was served with the summons and complaint in this civil action. (ECF No. 37). Defendant Jerry Ryder answered the complaint, and subsequently filed the instant Motion to Dismiss for failure to state a claim. (ECF Nos. 32, 102).

## II. <u>**Motion to Dismiss**</u>

In support of his motion, Defendant Jerry Ryder makes the following assertions:

1.      In 2011, there were two correctional officers at the Western Regional Jail with the last name of Ryder—Jerry and Dwayne. Only Jerry Ryder is still employed at the Western Regional Jail, which is why he was served with McKelvey's summons and complaint. However, Jerry Ryder was not working on September 11, 2011 when the alleged attack on Jamel McKelvey took place. In fact, neither Jerry nor Dwayne Ryder was working at the Jail on that day. (ECF No. 102 at 1-2).

2.      According to the description provided by McKelvey during his deposition, the Correctional Officer Ryder referenced by McKelvey in his complaint is Dwayne Ryder, not Jerry Ryder. (ECF No. 102-1 at 2-5).

3.     Jerry Ryder should be dismissed from the action because he was not present at the time of the incident and is not the Correctional Officer Ryder that McKelvey intended to serve with the summons and complaint.

In addition, Jerry Ryder argues that Defendant "Correctional Officer Ryder" should be dismissed from the complaint given that McKelvey conceded at his deposition that no correctional officer named Ryder was present at the September 11, 2011 assault. In his deposition, McKelvey indicated that correctional officer Dwayne Ryder participated in an assault in February 2011, but probably was not present at the September 11 attack. Jerry Ryder points out that McKelvey did not file his complaint until August 2013; consequently, claims related to the February 2011 incident are barred by the statute of limitations set forth in West Virginia Code Section 55-2-12. For that reason, no viable claims exist against Defendant Correctional Officer Ryder.

In response to the motion, McKelvey does not oppose a dismissal of correctional officer Jerry Ryder. (ECF No. 136). However, McKelvey does object to a dismissal of Correctional Officer Ryder because he believes "a Ryder was present on 9-10-11 during my assault by C.O. Blankenship."[1] (ECF No. 136 at 1).

## III.   <u>Relevant Legal Principles</u>

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any State "law, statute,

---

[1] Since filing the original complaint, McKelvey has, on multiple occasions, expanded the initial allegations to include other instances of the alleged use of excessive force by correctional officers at the Western Regional Jail, or to include other officers as defendants. In his first supplement to the complaint, he added claims related to the February 17, and September 10, 2011 attacks. (ECF No. 3 at 7). On April 30, 2014, McKelvey attempted to join five new defendants based upon an alleged assault that occurred on August 7, 2011. (ECF No. 60 at 2). That effort resulted in a Memorandum Opinion and Order denying the joinder as barred by the statute of limitations. (ECF No. 89). Now, McKelvey ostensibly attempts to add claims against Correctional Officer Ryder related to the September 10 incident, which McKelvey previously described as an altercation involving only him and C.O. Blankenship. (ECF No. 3 at 7).

ordinance, regulation, custom, or usage." Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape,* 365 U.S. 167, 171-172, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). In order to state a *prima facie* cause of action under § 1983, a plaintiff must show that: (1) a person (the defendant) deprived the plaintiff of a federally protected civil right, privilege or immunity, and (2) that the defendant did so under color of State law. *Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010); *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).

Defendant Jerry Ryder argues that McKelvey's complaint should be dismissed against him because McKelvey fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court explained the "plausibility" standard in *Iqbal*, stating:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal,* 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 556-57 (internal citations omitted). Determining whether a complaint states a facially plausible claim for relief is

a "context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* at 679, citing *Iqbal v. Hasty,* 490 F.3d 143, 157-158 (2nd Cir. 2007)*.* While the Court is required to accept as true the factual allegations asserted in the complaint, it is not required to accept the legitimacy of legal conclusions that are "couched as ... factual allegation[s]." *Id.* at 678, quoting *Bell Atlantic Corp*, 550 U.S at 555. When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679. This Court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

"When matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Laughlin v. Metro. Wash. Airports Auth.,* 149 F.3d 253, 260–61 (4th Cir. 1998) (quoting Fed. R. Civ. P. 12(b)) (internal quotation marks omitted). Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when no genuine issue of material fact is in dispute, and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the

outcome of the suit under the governing law," and a disputed issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 501 U.S. at 248. Assertions of material facts must be supported by "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). The court shall "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence." *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991). Consequently, motions for summary judgment impose a heavy burden on the moving party; for, it must be obvious that no material facts are in dispute and no rational trier of fact could find for the nonmoving party. *See Miller v. F.D.I.C.*, 906 F.2d 972, 974 (4th Cir. 1990).

Nonetheless, the "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent entry of summary judgment. *Anderson,* 477 U.S. at 252. While any permissible inferences to be drawn from the underlying facts "must be viewed in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Anderson*, 477 U.S. at 249-50).

## IV.   Discussion

Jerry Ryder, a correctional officer at the Western Regional Jail, was served with the summons and complaint in this case simply because he was the only "Correctional

8

Officer Ryder" still working at the Jail at the time the summons and complaint were served. However, by all accounts, including McKelvey's, Jerry Ryder was not involved in any way in the alleged September 11, 2011 assault on McKelvey. (ECF No. 102-1 at 2-5). Therefore, there are no genuine issues of material factual in dispute, and Jerry Ryder is entitled to dismissal from this civil action. Indeed, McKelvey does not oppose Jerry Ryder's dismissal.

Accordingly, the undersigned **FINDS** that McKelvey fails to state a claim against Jerry Ryder under 42 U.S.C. § 1983 given the absence of evidence demonstrating that Jerry Ryder was present or involved in the alleged constitutional violations that form the basis of the complaint.

In addition, the undersigned **FINDS** that "Correctional Officer Ryder" should be dismissed and removed from the style of the case. Although McKelvey objects to an outright dismissal of Defendant Correctional Officer Ryder, his objections are without merit. First, McKelvey has produced no evidence to corroborate a claim that Dwayne Ryder, the only other individual that could be "Correctional Officer Ryder," was present at the alleged assault on September 11, 2011. In his deposition testimony, McKelvey admitted that he did not see Dwayne Ryder, or hear his voice during the skirmish on September 11. (ECF No. 102-1 at 5). Other records produced during discovery, such as contemporaneous incident reports documenting the altercation with McKelvey, and the duty roster from the day shift of September 11, 2011, (ECF Nos. 137-3 at 2), likewise suggest that Dwayne Ryder was not present at the Jail when the incident occurred. Although McKelvey represented at the status conference that he *thought* Ryder was present on September 11, he further testified at his deposition that Ryder was on the complaint "because of the February 2000 ... February 17th, incident."

9

(ECF No. 102-1 at 4). To the extent that McKelvey seeks to keep Dwayne Ryder in this action based upon the alleged assault on February 17, 2011, the undersigned **FINDS** that those claims are barred by the two-year statute of limitations.

An action brought under 42 U.S.C. § 1983 is governed by the limitations periods of the state in which the action is brought. *See Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In this case, McKelvey filed his complaint in the Southern District of West Virginia; consequently, West Virginia's limitation period will determine the relevant time frame here. The United States Court of Appeals for the Fourth Circuit has held that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." *McCausland v. Mason County Bd. of Ed.,* 649 F .2d 278, 279 (4th Cir. 1981). According to the language of West Virginia Code § 55-2-12(b), which provides the limitation period for personal injury claims, all such actions must be brought "within two years next after the right to bring the same shall have accrued." To determine when a cause of action accrues for purposes of § 1983, the court looks to federal law. *Brooks v. City of Winston–Salem, NC,* 85 F.3d 178, 181 (4th Cir. 1996). A cause of action accrues under federal law when "the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, MD House of Corr.,* 64 F.3d 951, 955 (4th Cir. 1995). As soon as the February 2011 assault occurred, McKelvey possessed sufficient facts about the harm done to him that reasonable inquiry would have revealed his cause of action. Consequently, he had two years from February 17, 2011 to file a complaint against Dwayne Ryder, yet he failed to do so. Thus, any claims related to that alleged assault are barred by the statute of limitations.

Interestingly, McKelvey also objects to Correctional Officer Ryder's dismissal based upon his belief that "a Ryder was present on 9-10-11 during my assault by C.O. Blankenship." (ECF No. 136 at 1). Presumably, McKelvey discovered that correctional officer Dwayne Ryder was on duty on September 10, 2011 and had some peripheral involvement in the incident between McKelvey and correctional officer Blankenship from reviewing contemporaneous incident reports that were produced during discovery by the Western Regional Jail. Those incident reports demonstrate that Blankenship and McKelvey had a confrontation that resulted in Blankenship using a straight arm takedown on McKelvey. Ultimately, McKelvey was placed in hand and leg restraints by other officers, who responded to a call for assistance. According to the reports, Dwayne Ryder responded after McKelvey was already down, and Ryder's role was limited to escorting McKelvey to and from the medical unit, where McKelvey was checked and cleared. When he prepared the complaint, McKelvey likely forgot that Dwayne Ryder was present on September 10, 2011 given that Ryder played no role in the alleged assault. Even now, the only reason provided by McKelvey for keeping Correctional Officer Ryder as a defendant is that he was purportedly present when Blankenship committed the assault. That simply is not enough to state a claim, and McKelvey's objection to dismissal is not well-founded.

McKelvey alleged that Correctional Officer Ryder was involved in the September 11, 2011 attack. After more than a year of discovery, McKelvey has not submitted any proof to substantiate that clam. No allegations relating to the incident on September 10, 2011 have ever been lodged against Correctional Officer Ryder, and the only available evidence is insufficient to sustain a claim against him. Finally, claims related to the February 17, 2011 incident involving Dwayne Ryder are barred by the two-year

11

statute of limitations.

## V.     **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the findings herein and **RECOMMENDS** that Motion to Dismiss of Defendant Jerry Ryder be **GRANTED** (ECF No. 102); and that Correctional Officer Ryder be **DISMISSED** from the complaint**, with prejudice.** Plaintiff fails to state a claim against correctional officer Jerry Ryder and fails to timely assert claims against correctional officer Dwayne Ryder. Since they are the only two individuals that Plaintiff could have intended when he named "Correctional Officer Ryder," that party should be removed from the style of the case.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Federal Rules of Civil Procedure 6(d) and 72(b), Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

*Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, counsel of record, and any unrepresented party.

**FILED:**  February 3, 2015

Cheryl A. Eifert
United States Magistrate Judge