IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JAMEL MCKELVEY,**

       **Plaintiff,**

v.                                                            Case No. 3:13-cv-22206

**WESTERN REGIONAL JAIL;**
**MIKE CLARK, Administrator of the**
**Western Regional Jail;**
**CORRECTIONAL OFFICER HARSHBARGER;**
**CORRECTIONAL OFFICER KELLY;**
**CORRECTIONAL OFFICER RYDER;**
**CORRECTIONAL OFFICER GILKERSON;**
**CORRECTIONAL OFFICER BLANKENSHIP;**
**CORPORAL FERRELL;**
**LIEUTENANT ALDRIDGE;**
**CORRECTIONAL OFFICER CHAPMAN;**
**CORRECTIONAL OFFICER CHASTAIN;**
**CORRECTIONAL OFFICER ERWIN;**
**CORRECTIONAL OFFICER COFFEY;**
**CORRECTIONAL OFFICER DANNY JONES;**
**CORRECTIONAL OFFICER STEPHENS; and**
**CORRECTIONAL OFFICER CHRIS CARTER,**

       **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On August 23, 2013, plaintiff filed a *pro se* Complaint under 42 U.S.C. § 1983 (ECF No. 1), alleging violations of his constitutional rights guaranteed by the Fourteenth Amendment to the United States Constitution. Pending before the Court is the Motion for Summary Judgment of Defendants Erwin, Chastain, and Chapman. (ECF No. 105).

1

Plaintiff filed a statement in opposition to the Motion for Summary Judgment, asking the Court to delay its ruling until additional discovery could be completed. (ECF No. 135). Defendants Erwin, Chastain, and Chapman replied to Plaintiff's opposition statement, arguing that all materials responsive to Plaintiff's discovery requests had been produced, and no evidence existed to place any of the three Defendants at the scene of the alleged assault. Therefore, Erwin, Chastain, and Chapman were entitled to dismissal as a matter of law. The parties were given additional time to complete discovery and argue their positions on the motion at a status conference held by the undersigned on January 20, 2015. (ECF No. 148). Finally, the parties were allowed to supplement the record after the hearing. (ECF No. 149). Accordingly, the issues have been fully developed and briefed and are ready for resolution.

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, the undersigned **RECOMMENDS** that Plaintiff's Complaint against Defendant Correctional Officers Erwin, Chastain, and Chapman be **DISMISSED**, with prejudice, for failure to state a claim compensable at law.

I. <u>**Relevant Facts**</u>

Plaintiff Jamel McKelvey ("McKelvey") was an inmate at the Western Regional Jail in Barboursville, West Virginia on September 11, 2011 when he was allegedly assaulted by a number of correctional officers. (ECF No. 3 at 5-7). According to McKelvey, the attack began in his cell at the hands of Defendant Correctional Officer Harshbarger, who was joined by Defendants Kelly and Jones. (*Id.*). As many as ten

correctional officers became involved in the assault, although McKelvey could not identify all of them because he was sprayed in the face with mace and knocked to the floor. Several of his teeth were broken when he fell to the floor, and his lip required stitches. (*Id.*).

On August 23, 2013, McKelvey filed a handwritten complaint pursuant to 42 U.S.C. § 1983 claiming that he had been physically assaulted, traumatized, and forced to endure degradation and racial slurs at the hands of the correctional officers on September 11, 2011. (ECF No. 1). On August 30, 2013, McKelvey supplemented his complaint by filing a court-approved form. (ECF No. 3). In the supplemental complaint, McKelvey expounded on the events of September 11, 2011 and specifically identified correctional officers who participated in the attack in addition to Harshbarger, Kelly, and Jones; in particular, Correctional Officers Gilkerson and Ferrell. (ECF No. 3 at 6-7). However, McKelvey only named as defendants the Western Regional Jail and the "WRJ Staff." He requested that the Court institute criminal charges against the correctional officers and the jail administrators and appoint him counsel. (ECF No. 3). In the supplemental complaint, McKelvey also included allegations related to two other assaults; one that allegedly occurred on February 17, 2011, and a second that occurred on September 10, 2011. (ECF No. 3 at 7). McKelvey claimed that on or about February 17, 2011, while in his cell, he was attacked and choked by "C.O. Ryder." (*Id.*). McKelvey further maintained that on September 10, 2011, the day prior to the assault that triggered the lawsuit, correctional officer Blankenship became angry with him over an issue involving the mail. For no apparent reason, Blankenship grabbed McKelvey by the arm, spun him around, pulled him to the ground, and then punched and kneed him while he lay, unresisting, on the floor. (*Id.*).

3

On November 1, 2013, the undersigned held a status conference during which considerable discussion occurred regarding the identities of the correctional officers involved in the September 11, 2011 incident. (ECF No. 18). Based upon McKelvey's recollections, the Court entered an Order allowing McKelvey to substitute seven named correctional officers, five John Does, and the Western Regional Jail's Administrator as Defendants. (ECF No. 19 at 2). At that point, the named Defendants did not include Erwin, Chastain, or Chapman. The parties were permitted to begin discovery and were ordered to exchange certain initial disclosures. (ECF No. 19).

On March 14, 2014, the undersigned conducted a second status conference. (ECF No. 51). At this conference, McKelvey again moved to amend his complaint to add Defendants. After some discussion, the Court ordered the Jail to provide McKelvey with documentation that might assist him in identifying the proper Defendants, and also entered a scheduling order. (ECF No. 52). By the third status conference, held on June 24, 2014, McKelvey had reviewed documentation received from the Jail and identified four additional correctional officers that he believed participated in the September 11, 2011 assault against him, including Defendants Erwin, Chastain, and Chapman. (ECF No. 78). Based upon McKelvey's representations, the Court granted his motion to amend the complaint and added Erwin, Chastain, and Chapman as parties. (ECF No. 79 at 1-2). Counsel accepted service of process on behalf of these newly named Defendants and filed an answer on their behalf on July 25, 2014. (ECF No. 92). Defendants Erwin, Chastain, and Chapman subsequently filed the instant Motion for Summary Judgment and supporting memorandum. (ECF Nos. 105, 106). In addition, Defendants Chastain and Chapman filed supplemental exhibits in support of their motions, (ECF Nos. 153, 156), and the Defendants provided discovery responses to Plaintiff. McKelvey filed a

4

supplemental memorandum in opposition to Defendants' motion, highlighting the evidence he believes should preclude summary judgment. (ECF No. 159).

## II. Motion for Summary Judgment

Defendants Erwin, Chastain, and Chapman move for summary judgment on the basis that they were not present at the scene of the alleged assault and, therefore, could not be guilty of violating McKelvey's constitutional rights. According to incident reports supplied by the Western Regional Jail during discovery and records from the Jail's medical unit, McKelvey was involved in an altercation with several correctional officers on September 11, 2011 at approximately 2:35 p.m. (ECF No. 106 at 1). The duty roster for that day shift reflects that Erwin was not working; Chastain was assigned to the control room at C Pod; and Chapman was assigned to the control room at A Pod. (ECF No. 105-1 at 2). McKelvey was in a cell on A Pod. Defendants contend that neither the records, nor McKelvey's testimony place any of them in the area of McKelvey or his cell at the time of the alleged assault.

McKelvey objects to summary judgment on behalf of the Defendants, arguing that discovery is not completed. In his recently filed memorandum, McKelvey attacks some inconsistencies in the discovery answers and the affidavit filed by Chapman, and essentially argues that Chapman's answers are too convenient to be reliable. (ECF No. 159 at 1-5). McKelvey also emphasizes that approximately a year after his assault, Chastain was suspended under investigation for the alleged injury of an inmate. Chastain was eventually found to be in violation of several policies, including one requiring officers to file true, correct and complete reports of their participation in and observation of incidents involving inmates. (*Id.* at 5-6). McKelvey contends that this evidence demonstrates "patterns of negligence" and forms the basis for a denial of

summary judgment.

### III. Relevant Legal Principles

42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape,* 365 U.S. 167, 171-172, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). In order to state a *prima facie* claim under 42 U.S.C. § 1983, a plaintiff must present facts showing that: (1) a person (the defendant) deprived him or her of a federally protected civil right, privilege or immunity and (2) that the defendant did so under color of State law. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, * 4 (D.S.C. Sept. 8, 2010); *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when no genuine issue of material fact is in dispute, and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law," and a disputed issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 501 U.S. at 248. Assertions of material facts must be supported by "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory

6

answers, or other materials." Fed. R. Civ. P. 56(c). The court shall "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence." *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991). Consequently, motions for summary judgment impose a heavy burden on the moving party; for, it must be obvious that no material facts are in dispute and no rational trier of fact could find for the nonmoving party. *See Miller v. F.D.I.C.,* 906 F.2d 972, 974 (4th Cir. 1990).

Nonetheless, the "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent entry of summary judgment. *Anderson,* 477 U.S. at 252. While any permissible inferences to be drawn from the underlying facts "must be viewed in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Anderson*, 477 U.S. at 249-50).

The Court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. Discussion

In order to succeed on a motion for summary judgment, the moving party carries the initial burden of showing that no material facts are in dispute, and it is entitled to judgment as a matter of law. However, once the moving party satisfies that burden, "the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.,* 977 F.2d 872, 874–75 (4th Cir.1992). The nonmoving party cannot defeat a summary judgment motion with mere belief, conjecture, unsupported speculation, or conclusory allegations. *Baber,* 977 F.2d at 875. Instead, the opposing party must show the existence of a genuine and material factual dispute through affidavits, depositions, discovery responses, or admissions. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Here, Defendants Erwin, Chastain, and Chapman have come forward with evidence demonstrating that they were not involved in the alleged assault on September 11, 2011. Erwin produced a copy of the Jail's duty roster for the day shift of Sunday, September 11, 2011, which indicates that he was not on duty at the time of the altercation between McKelvey and the other correctional officers. (ECF No. 105-1 at 2). In addition, McKelvey testified during his deposition that he did not recall seeing Erwin around at the time of the incident, and he could not say for certain that Erwin was in his cell when he was assaulted. (ECF No. 105-1 at 8). Finally, incident reports were completed by eight correctional officers involved in the confrontation with McKelvey. None of the incident reports mentions Defendant Erwin being present or involved in the altercation. In fact, Erwin's name does not appear on any of the documentation related to the alleged assault. If Erwin was not present at the Jail on September 11, 2011 at the

time of McKelvey's assault, then McKelvey cannot to state a plausible cause of action against him.

Similarly, none of the incident reports prepared by the correctional officers involved in the altercation mentions Defendant Chastain. When McKelvey was asked at his deposition if Chastain was present during the attack, McKelvey admitted that he did not know and could not remember. (ECF No. 137-2 at 5, 6). Defendant Chastain filed an affidavit in support of his summary judgment motion stating, under oath, that he was working on the day of the incident, but he was stationed at the C Pod control room, also known as the tower. (ECF No. 156 at 2). Other than hearing some radio traffic relating to McKelvey, who was housed in the A Pod, Chastain had no knowledge or involvement in the incident giving rise to the complaint. According to Chastain, he did not leave the C Pod tower during the alleged altercation and thus was not present when any of the events occurred. (*Id.*). McKelvey has not offered any deposition testimony, discovery responses, admissions, or affidavits to refute Defendant Chastain's version of his whereabouts that day. Although McKelvey offers evidence of an unrelated event involving Chastain in which an inmate was injured, that event occurred more than one year later and sheds no light on whether Chastain participated in the alleged attack on McKelvey. In the absence of evidence that Chastain was involved in the September 11, 2011 assault, McKelvey is hard-pressed to sustain a § 1983 claim against Chastain.

Finally, Defendant Chapman also filed an affidavit in support of his motion for summary judgment in which he testifies that during the day of September 11, 2011, he was assigned to the A Pod tower as the control officer. (ECF No. 153 at 2). According to Chapman, while working the tower, he was notified by McKelvey that McKelvey needed to be seen in the medical unit. Accordingly, Chapman called for officer escort. When the

9

officer entered McKelvey's cell, McKelvey began to curse loudly and became combative, so Chapman called for officer assistance. (*Id.*). Chapman did not witness an altercation, nor did he leave the control tower at any time during the incident. Chapman denied having any participation in physically handling McKelvey. (*Id.*). The duty roster for the day shift of September 11, 2011 confirms Chapman's account of his assignment to the A pod control tower, (ECF No. 105-1 at 2), and the incident reports produced by the Jail corroborate Chapman's contention that he remained in the tower and was not physically present at the scene of the altercation. At his deposition, McKelvey verified that Chapman was working in the control tower and took McKelvey's radio request for medical care. (ECF No. 105-1 at 5). Although McKelvey speculated that Chapman could have come down from the tower and participated in the assault, McKelvey eventually conceded that he had no evidence to support that speculation. (*Id.* at 6, 8). Clearly, if Chapman did not participate in the alleged constitutional violations, then McKelvey fails to state a *prima facie* case against him under 42 U.S.C. § 1983.

Based upon the information presented, Erwin, Chastain, and Chapman have satisfied their burden under Rule 56. Accordingly, to defeat their summary judgment motion, McKelvey must come forward with evidence beyond the mere allegations in his complaint to show that genuine issues of fact remain in dispute involving these three Defendants, which preclude their dismissal. Although McKelvey has been given ample opportunity to discover and present such evidence, he has failed to do so. Indeed, the available evidence indicates that Erwin was not working at the time of the altercation; that Chastain was located in the control tower of another Pod and was not present or involved in the scuffle in any manner; and that Chapman was tangentially involved, but was not physically present at the scene of the altercation and did not participate in the

acts about which McKelvey complains. Furthermore, the incident reports reflect that the correctional officers present with McKelvey at the time he suffered injuries to his mouth and teeth and was shackled and maced are, for the most part, parties to this civil action.

Therefore, the undersigned **FINDS** that there are no genuine issues of material fact that preclude summary judgment; and that Defendants Erwin, Chastain, and Chapman are entitled to judgment as a matter of law given that McKelvey is unable to show that any of these Defendants was present and participated in the assault that gives rise to Plaintiff's claims under 42 U.S.C. § 1983.

## V. Proposal and Recommendation

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the findings herein and **RECOMMENDS** that the Motion for Summary Judgment of Defendants Erwin, Chastain, and Chapman be **GRANTED,** (ECF No. 105), and Defendants Erwin, Chastain, and Chapman be **DISMISSED**, with prejudice, and removed from the style of the case.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure. The parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District

Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, counsel of record, and any unrepresented party.

**FILED:** February 3, 2015

_____
Cheryl A. Eifert
United States Magistrate Judge