IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAMES McKELVEY,

          Plaintiff,

v.                                          CIVIL ACTION NO.   3:13-22206

WESTERN REGIONAL JAIL, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant Jerry Ryder's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and West Virginia Code Section 55-2-12 (ECF No. 102) and Defendants Erwin, Chastain, and Chapman's Motion for Summary Judgment (ECF No. 105). Pursuant to 28 U.S.C. § 636(b)(1)(B), this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition. Magistrate Judge Eifert performed a thorough review of the pending Petition and motions, affording Petitioner's claims the liberal construction required for *pro se* pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On February 3, 2015, Magistrate Judge Eifert submitted Proposed Findings and Recommendations (ECF Nos. 161 and 162). On March 5, 2015, Plaintiff timely filed Objections to the Proposed Findings and Recommendations (ECF No. 178).[1]

---

[1] Plaintiff moved for and was granted an extension of time to file objections to the Proposed Findings and Recommendations (ECF Nos. 176 and 177).

The Court has reviewed *de novo* those portions of Magistrate Judge Eifert's Proposed Findings and Recommendations to which Plaintiff objects, and it finds that Plaintiff's objections lack merit. For the reasons set forth below, the Court **ACCEPTS AND INCORPORATES** the Proposed Findings and Recommendations of the Magistrate Judge (ECF Nos. 161 and 162); **DENIES** Plaintiff's Objection to the Proposed Findings and Recommendations (ECF No. 178); **GRANTS** Defendant Jerry Ryder's Motion to Dismiss (ECF No. 102) and **DISMISSES**, with prejudice, Plaintiff's Complaint against Defendant Jerry Ryder for failure to state a claim compensable at law; **DISMISSES**, with prejudice, Plaintiff's Complaint against Defendant "Correctional Officer Ryder" as barred by the statute of limitations; and **GRANTS** Defendants Erwin, Chastain, and Chapman's motion for summary judgment (ECF No. 105) and **DISMISSES** Defendants Erwin, Chastain, and Chapman.

I.   **PLAINTIFF'S OBJECTIONS**

In the Proposed Findings and Recommendations, Magistrate Judge Eifert has set forth the factual and procedural history in considerable detail. The material facts need not be repeated here as the Magistrate Judge has more than adequately detailed them in her report. Rather, the Court incorporates by reference that factual and procedural history and next dedicates itself to setting out Plaintiff's Objections to the proposed findings and recommendations.

The Court first notes that Plaintiff does not object to the proposed findings that Defendant Jerry Ryder and Defendant Erwin were not present at the Jail at the relevant time. However, Plaintiff does maintain by his objections that summary judgment with respect to Defendants Chastain and Chapman is inappropriate. Specifically, Plaintiff notes that he believes he has not yet received adequate discovery and that Defendants' self-serving affidavits are insufficient proof. Moreover, Plaintiff avers that there is evidence to prove that Defendant Chastain is lying or

colluding based on his failure to write a report and apparent history of inadequate reporting and assault allegations.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a *de novo* review of any portion of the Magistrate Judge's report to which objection is timely made. As to those portions of the report to which no objection is made, the Magistrate Judge's report will be upheld unless it is "clearly erroneous" or "contrary to law." *See Webb v. Califano*, 468 F.Supp. 825, 828 (E.D. Cal. 1979) (citing 28 U.S.C. § 636(b)(1)(A)). Furthermore, a court need not conduct a *de novo* review "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

## III. MOTION TO DISMISS DEFENDANT JERRY RYDER

The Magistrate Judge recommended that the Court grant Jerry Ryder's unopposed Motion to Dismiss and further dismiss "Correctional Officer Ryder" as any claims based on the alleged assault on February 17, 2011, are barred by the two-year statute of limitations. Plaintiff has not offered objections to these findings and recommendations, and the Court finds no clear error in the Magistrate Judge's analysis or conclusions. Accordingly, the Court adopts the Magistrate Judge's Findings and Recommendations with respect to Defendant Ryder's Motion to Dismiss (ECF No. 161).

## IV. MOTION FOR SUMMARY JUDGMENT

### A. *Applicable Legal Standard*

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.

Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### B. *Analysis*

As observed by the Magistrate Judge, Defendants Erwin, Chastain, and Chapman have each produced concrete evidence showing that they were not involved in the alleged assault on September 11, 2011, and Plaintiff, after having the benefit of adequate time for discovery, has not come forward with any evidence suggesting otherwise. Beginning with Defendant Erwin, the Court notes that Defendant Erwin was not on duty at the relevant time (ECF No. 105-1 at 2), that Plaintiff himself testified that he was not certain he saw Erwin during the alleged assault (ECF No. 105-1 at 8), and none of the eight incident reports submitted after the alleged assault make any mention of Erwin. Plaintiff has offered no contradictory or competing evidence suggesting that Erin was at all involved, and Plaintiff has not objected to the Magistrate Judge's conclusion that an

action against Defendant Erwin cannot be maintained. Finding no clear error in the Magistrate Judge's analysis, the Court agrees that Defendant Erwin is entitled to summary judgment.

Continuing on to Defendant Chastain, like Erwin, Chastain's name does not appear in any of the incident reports. Moreover, Plaintiff himself was unable to testify whether Chastain was in fact involved (ECF No. 137-2 at 5, 6), while Defendant Chastain has provided an affidavit stating under oath that he was assigned to, and did not leave, the C-Pod tower during the alleged assault (ECF No. 156 at 2). While Plaintiff questions the veracity of Defendant Chastain's affidavit, he has offered only speculation, and not concrete evidence related to Defendant Chastain's whereabouts and activities on the relevant day. By his Objections, Plaintiff argues that:

> The fact that [Chastain] denied being present and the . . . rover officer who was in the C-pod didn't write a report, is sufficient evidence to prove that he is either lying or colluded with the other defendants and didn't write a report.

ECF No. 178 at 2. In effect, Plaintiff seeks to rely on evidence of other acts by Defendant Chastain to create the presumption that his conduct on September 11, 2011, conformed with his conduct on other, unrelated occasions. While recognizing the intuitive appeal of such an argument, the Federal Rules of Evidence and fundamental notions of fairness prohibit the Court from making precisely the presumption or inference urged by Plaintiff. Instead, the Court observes that evidence related to Chastain's conduct on other occasions is no evidence of his whereabouts or activities on September 11, 2011. Because Plaintiff has offered no evidence to establish that Defendant Chastain was involved in, or even present for, the alleged assault, Defendant Chastain is entitled to summary judgment, as recommended by the Magistrate Judge.

Finally, with respect to Defendant Chapman, like Chastain, Chapman has provided a sworn affidavit testifying that he was assigned to the A-Pod tower on September 11, 2011, and remained at his post during the alleged assault. ECF No. 153 at 2. Defendant Chapman's recounting of the

day is corroborated by the duty roster (ECF No. 105-1 at 2) as well as numerous incident reports. Indeed, Plaintiff himself testified that he had no evidence to support his speculation that Defendant Chapman left the A-Pod tower. ECF No. 105-1 at 6, 8. Again, because Plaintiff has offered no evidence to establish that Defendant Chapman was present during the alleged assault, Defendant Chapman is entitled to summary judgment, as recommended by the Magistrate Judge.

## V.   CONCLUSION

For the foregoing reasons, the Court **ACCEPTS AND INCORPORATES** the Proposed Findings and Recommendations of the Magistrate Judge (ECF Nos. 161 and 162); **DENIES** Plaintiff's Objections to the Proposed Findings and Recommendations (ECF No. 178); **GRANTS** Defendant Jerry Ryder's Motion to Dismiss (ECF No. 102) and **DISMISSES**, with prejudice, Plaintiff's Complaint against Defendant Jerry Ryder for failure to state a claim compensable at law; **DISMISSES**, with prejudice, Plaintiff's Complaint against Defendant "Correctional Officer Ryder" as barred by the statute of limitations; and **GRANTS** Defendants Erwin, Chastain, and Chapman's motion for summary judgment (ECF No. 105) and **DISMISSES** Defendants Erwin, Chastain, and Chapman.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, and any unrepresented parties.

ENTER:   March 25, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE