IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAMEL MCKELVEY,

    Plaintiff,

v.                                    Case No. 3:13-cv-22206

WESTERN REGIONAL JAIL;
MIKE CLARK, Administrator of the
Western Regional Jail;
CORRECTIONAL OFFICER HARSHBARGER;
CORRECTIONAL OFFICER KELLY;
CORRECTIONAL OFFICER GILKERSON;
CORRECTIONAL OFFICER BLANKENSHIP;
CORPORAL FERRELL;
LIEUTENANT ALDRIDGE;
CORRECTIONAL OFFICER COFFEY;
CORRECTIONAL OFFICER DANNY JONES;
CORRECTIONAL OFFICER STEPHENS; and
CORRECTIONAL OFFICER CHRIS CARTER,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On August 23, 2013, Plaintiff Jamel McKelvey ("McKelvey") filed a *pro se* Complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights guaranteed by the Fourteenth Amendment to the United States Constitution. (ECF No. 1). Pending before the Court are various discovery motions filed by McKelvey (ECF Nos. 154, 175, 181, 182, 186, & 190), and a Motion for a Protective Order filed by Defendants, (ECF No. 195). In addition, McKelvey again requests the appointment of

1

counsel, (ECF No. 200).

For the reasons set forth herein, the Court **GRANTS, in part, and DENIES, in part,** Defendants' Motion for a Protective Order. The Court **ORDERS** each defendant to answer McKelvey's Request for Admissions, (ECF No. 191), to the extent required by this opinion, within **fourteen (14) days** of this opinion. The Court **DENIES** McKelvey's Motion for Supplemental Interrogatories, (ECF No. 154); Motion to Compel More Complete Answers, (ECF No. 181); Motion to Compel under Rule 37(b), Continued, 37(a), (ECF No. 182); Motion for Continuance to Request Discovery, (ECF No. 190); and Motion for Appointment of Counsel, (ECF No. 200). The Court **GRANTS**, **in part**, and **DENIES**, **in part**, McKelvey's Request to Inspect and Copy, (ECF No. 186). Defendants shall have **fourteen (14) days** from the date of this opinion to produce the tooth fractures, if they retained possession of them, for McKelvey's inspection. Finally, with respect to McKelvey's Motion to Compel, (ECF No. 175), McKelvey must file a detailed list of any documents that he has requested that **were not produced** by Defendants and that he believes are relevant to his claims. The list should not include documents that the Court has already determined Defendants are not required to produce. McKelvey has **seven (7) days** from the date of this opinion to file his list. Defendants will then have **seven (7) days** to file a response, or, if Defendants deem no response necessary, **fourteen (14) days** to produce the documents requested.

I. <u>Relevant Facts</u>

McKelvey was an inmate at the Western Regional Jail in Barboursville, West Virginia on September 11, 2011 when he was allegedly assaulted by a number of correctional officers. (ECF No. 3 at 5-7). According to McKelvey, the attack began in

2

his cell at the hands of Defendant Correctional Officer Harshbarger, who was joined by Defendants Kelly and Jones. (*Id.*) The assault continued as McKelvey was taken from his cell and escorted to the medical unit of the Jail. As many as ten correctional officers became involved in the assault, although McKelvey could not identify all of them because he was sprayed in the face with mace and knocked to the floor during the attack. Several of his teeth were broken when he fell to the floor, and his lip required stitches. (*Id.*)

On August 23, 2013, McKelvey filed a handwritten complaint pursuant to 42 U.S.C. § 1983, claiming that on September 11, 2011 he was physically assaulted, traumatized, and forced to endure degradation and racial slurs at the hands of unnamed correctional officers. (ECF No. 1). Since that time, the parties have engaged in discovery. The undersigned has conducted three discovery status conferences with McKelvey present by videoconference; allowed McKelvey ample opportunity to join defendants and amend his complaint; issued multiple orders requiring the defendants to supply information; and extended discovery deadlines to accommodate McKelvey's search for supportive evidence. At this point in the litigation, the case has been pending almost two years, discovery is nearly at a close, and dispositive motions are due in less than one month.

## II. Relevant Law

Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

While the claims and defenses raised in the pleadings should be the focus of discovery, broader discovery is permitted when justified by the particular needs of the case. Fed. R. Civ. P. 26(b)(1), advisory committee notes (2000). In general, information is relevant, and thus discoverable, if it "'bears on, or ... reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Although 'the pleadings are the starting point from which relevancy and discovery are determined ... [r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.'" *Kidwiler v. Progressive Paloverde Ins. Co.,* 192 F.R.D. 193, 199 (N.D.W.Va. 2000) (internal citations omitted). In many cases, "the general subject matter of the litigation governs the scope of relevant information for discovery purposes." *Id.* The party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *See Kinetic Concepts, Inc. v. ConvaTec Inc.,* 268 F.R.D. 226, 243–44 (M.D.N.C. 2010) (citing *Wagner v. St. Paul Fire & Marine Ins. Co.,* 238 F.R.D. 418, 424-25 (N.D.W.Va. 2006)).

Simply because information is discoverable under Rule 26, however, "does not mean that discovery must be had." *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *Nicholas v. Wyndham Int'l, Inc.,* 373 F.3d 537, 543 (4th Cir. 2004)). For good cause shown under Rule 26(c), the court may restrict or prohibit discovery when necessary to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). To succeed under the "good cause" standard of Rule 26(c), a party resisting discovery on the grounds of burdensomeness and oppression must do more to carry its burden than make conclusory and unsubstantiated allegations. *Convertino v. United States*

4

*Department of Justice,* 565 F. Supp.2d 10, 14 (D.D.C. 2008) (the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden); *Cory v. Aztec Steel Building, Inc.,* 225 F.R.D. 667, 672 (D. Kan. 2005) (the party opposing discovery on the ground of burdensomeness must submit detailed facts regarding the anticipated time and expense involved in responding to the discovery which justifies the objection); *Bank of Mongolia v. M & P Global Financial Services, Inc.,* 258 F.R.D. 514, 519 (S.D. Fla.2009) ("A party objecting must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.").

In addition, Rule 26(b)(2)(C) requires the court, on motion or on its own, to limit the frequency and extent of discovery, when (1) "the discovery sought is unreasonably cumulative or duplicative;" (2) the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (3) "the party seeking the discovery has already had ample opportunity to collect the requested information by discovery in the action;" or (4) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). This rule "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Lynn v. Monarch Recovery Management, Inc.,* 285 F.R.D. 350, 355 (D.Md. 2012) (quoting *Victor Stanley, Inc. v.*

*Creative Pipe, Inc.,* 269 F.R.D. 497, 523 (D.Md. 2010)). To insure that discovery is sufficient, yet reasonable, district courts have "substantial latitude to fashion protective orders." *Seattle Times Co. v. Rhinehar*t, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

### III.  Discussion

#### A. Defendants' Motion for a Protective Order

Defendants have moved for a protective order relieving them from responding to McKelvey's March 25, 2015 requests for admission. (ECF No. 195 at 1). Defendants argue that McKelvey's requests are duplicative as they have been admitted or denied through Defendants' previous discovery responses, including answers to other requests for admission and interrogatories, as well as the production of documents. (*Id.* at 2). In addition, Defendants assert that some of the requests are "wholly irrelevant and not reasonably calculated to lead to the discovery of admissible information." (*Id.*) Defendants point out that Federal Rule of Civil Procedure 26(b)(2)(A) permits a court to limit the number of requests for admissions that a party may serve on another party, and they insist that the Court should exercise its discretion under that rule in this case to prevent them from having to respond to McKelvey's most recent requests. (ECF No. 195 at 3). In response, McKelvey asserts that he was "not satisfied" with Defendants' responses to his previous requests for admission and interrogatories, and therefore, he served upon Defendants the instant requests for admission. (ECF No. 199 at 2). Furthermore, McKelvey contends that all of the requests for admission are relevant to his claims and not duplicative, excessive, or burdensome. (*Id.* at 2-3). In addition, McKelvey insists that all of the Defendants should answer the requests, particularly the three recently added defendants (Jones, Stephens, and Carter). (*Id.* at 2).

The Court has reviewed McKelvey's March 25, 2015 requests for admission and finds that some of the requests are both internally repetitive and duplicative when compared with McKelvey's first set of requests for admission, (ECF No. 84), which were answered by Defendants Aldridge, Blankenship, Harshbarger, Kelly, Farrell, and Gilkerson in July 2014. (ECF Nos. 91, 94-98). Additionally, some of the non-cumulative questions are irrelevant. On the other hand, the Court finds that some of the requests are relevant and not duplicative, and Defendants have not shown good cause to excuse them from answering those requests. Moreover, none of the circumstances listed in Rule 26(b)(2)(C) apply to the non-cumulative requests. To the extent that Defendants maintain that their answers to interrogatories or production of documents are responsive to the requests for admission, they have not provided any evidence to support their contention. In any event, given that McKelvey is not in a position to depose the defendants, requests for the admission of certain facts or to verify the authenticity of documents can serve an important and distinct role in garnering support for any dispositive motions McKelvey may wish to file. Therefore, the Court **ORDERS** Defendants Aldridge, Blankenship, Harshbarger, Kelly, Farrell, and Gilkerson to answer the following requests for admission contained in McKelvey's March 25, 2015 filing: **2-3, 6-8, 10, 12-13, 15, 18, 22-24, 29-31, 33-36, 39, 42-44, 46-52, 54, 56-57, 59-62, 66-72, 74-75, 77-80, 82-84.** The remaining Defendants must answer the following requests for admission contained in McKelvey's March 25, 2015 filing: **1-3, 6-8, 10-15, 18, 22-24, 29-31, 33-40, 42-52, 54, 56-62, 66-72, 74-75, 77-80, 82-84**. Defendants shall have **fourteen (14) days** from the date of this opinion to answer the requests as outlined above. As for requests for admission not explicitly listed above, the Court **GRANTS** Defendants' Motion for a Protective

7

Order, (ECF No. 195). Defendants are not required to respond to the remaining, unlisted requests for admission.

### B. McKelvey's Request for Supplemental Interrogatories

On January 27, 2015, McKelvey filed a motion requesting that he be allowed to serve additional interrogatories on each defendant. (ECF No. 154). In his motion, McKelvey acknowledges that the Court has already allowed him to pose forty interrogatories to Defendants, fifteen more than Federal Rule of Civil Procedure 33(a)(1) typically allows. (*Id.* at 1). Nonetheless, McKelvey insists he should be permitted to serve additional interrogatories on Defendants because they answered the previous interrogatories in an "evasive" manner, and a number of questions were marked "N/A (not applicable)." (*Id.*) Moreover, McKelvey asserts that a number of his prior interrogatories could have been answered by discovery material that had yet to be provided to him and that he would not have asked those questions had Defendants timely produced the discovery material. (*Id.* at 1-2).[1] In response, Defendants maintain that they have already provided an extensive amount of discovery material to McKelvey, and as such, "further written discovery by [McKelvey] ... will do nothing to further his case but will only continue to burden the Defendants in responding." (ECF No. 160 at 2). Defendants insist that "[t]here is no further information which can be provided to [McKelvey] relating to the incident," and they point out that McKelvey has not explained what additional information he would seek through additional interrogatories. (*Id.*)

---

[1] McKelvey also avers that he only served thirty-six interrogatories on Defendants because he was confused as to whether "lettered subsections would count as a question." (ECF No. 154 at 2). He has not attached a copy of the prior interrogatories for the Court's review.

8

The Court previously permitted McKelvey to serve forty interrogatories on each defendant. (ECF No. 52 at 2). The electronic docket for this case on the Case Management/Electronic Case Files (CM/ECF) system demonstrates that those defendants who have been served in this case have filed certificates of service for responses to McKelvey's interrogatories. (ECF Nos. 117-21, 139-40, 152, 155, 172-74, 193-94). While McKelvey insists that some of Defendants' responses were "evasive," he has not identified specifically which responses he deems unsatisfactory.[2] Furthermore, to the extent that any question was inapplicable to a particular defendant, that does not constitute good cause to permit McKelvey to serve additional interrogatories. Defendants still had to take the time to determine the applicability of each question. If an interrogatory was inapplicable to a particular defendant on its face, then McKelvey should not have posed the question to that defendant. In addition, as noted above, McKelvey has already been allowed to serve fifteen more interrogatories than Rule 33(a)(1) typically permits. Finally, McKelvey has not specified what additional information he would seek through further interrogatories, and he has not suggested any questions that he would ask of Defendants if his request were granted. For these reasons, the Court **DENIES** McKelvey's Request for Supplemental Interrogatories, (ECF No. 154).

### C. McKelvey's Motions to Compel

On February 23, 2015, McKelvey filed a Motion to Compel wherein he asserts that he sent Defendants two different requests for discovery in January to which Defendants did not respond. (ECF No. 175 at 1). McKelvey asks the Court to compel

---

[2] As Defendants point out, the remedy for evasive answers is not ordinarily an order allowing more interrogatories to be served; rather, the appropriate remedy is an order compelling the opposing party to directly answer the question posed.

Defendants "to produce discovery material, [and] also produce answers to the interrogatories." (*Id.* at 2). In additional to compelling Defendants to respond to McKelvey's discovery requests, McKelvey requests that Defendants be sanctioned as a result of their "negligence [with regard to] time statutes, as well as the redundancy of the issue." (*Id.*) Defendants counter that McKelvey failed to attach either discovery request to his motion, which makes it difficult to identify what McKelvey is requesting. (ECF No. 179 at 1). In addition, Defendants assert that "all required documentation and responses have been produced to [McKelvey] in a timely fashion." (*Id.* at 2). Moreover, Defendants insist that McKelvey has not filed any "formal" discovery requests to any defendant since the Court's January 21, 2015 Order of Discovery Status Conference, (ECF No. 149). (ECF No. 179 at 2). To the extent that McKelvey has made any "general requests for information" when communicating with defense counsel, Defendants aver that "such requests are not appropriate, are duplicative of earlier requests, and are outside the terms of the Court's Order of January 21, 2015." (*Id.*)

On March 10, 2015, McKelvey filed a Motion to Compel More Complete Answers. (ECF No. 181). In that motion, McKelvey requests that the Court order Defendants to supply "more complete answers" to the interrogatories that he served on them, or that he be allowed to submit additional interrogatories to Defendants. (*Id.* at 1-2).[3] McKelvey goes on to again assert that other relevant discovery material has not been produced by Defendants. (*Id.*) The same day, McKelvey also filed a Motion to Compel under Rule 37(b), Continued, 37(a). (ECF No. 182). In that motion, McKelvey

---

[3] In his motion, McKelvey also insists that Defendants failed to produce documents to him required by paragraph 3(b) of the Court's November 1, 2013 Memorandum Opinion and Order of First Discovery Statute Conference, (ECF No. 19). (ECF No. 181 at 1). However, paragraph 3(b) required McKelvey to provide information to the Clerk of Court. (ECF No. 19 at 3).

10

states that he would like to revise his February 2015 motion so that it relates only to Rule 37(a), and not Rule 37(b).[4] (*Id.* at 1). However, if the Court believes that Defendants failed to comply with any of this Court's orders, then McKelvey requests that his February 2015 motion be considered pursuant to Rule 37(b) as well. (*Id.* at 2). McKelvey also asserts in the motion that he never received responses to interrogatories from former Defendant Chastain, who was dismissed from this lawsuit on March 25, 2015, (ECF No. 192).[5] (ECF No. 182 at 1).

Beginning with McKelvey's February 23, 2015 Motion to Compel, Defendants aptly point out that McKelvey failed to attach any purportedly unanswered discovery requests to his motion. A review of CM/ECF demonstrates that McKelvey filed a Supplemental Discovery Request on January 30, 2015, which he requested the Clerk of Court send to defense counsel. (ECF No. 201 at 1). In his Supplemental Discovery Request, McKelvey seeks to obtain additional use of force data collection sheets for 2011; various incident or investigative reports, some from over one year after the incident giving rise to this lawsuit occurred; the complaints in, and dispositions of, every past lawsuit against each defendant; the personnel file of Defendant Gilkerson; any "chemical munitions/mace" use qualification document related to Defendants Harshbarger and Gilkerson; Defendant Kelly's responses to interrogatories; "the reclassification and case review summary for [McKelvey] from 9-9-11 to 9-12-11"; the suicide watch log from September 11, 2011; and various rule violation reports. (*Id.* at 2-3). McKelvey also demands "complete and non-evasive" answers to interrogatories and

---

[4] Federal Rule of Civil Procedure 37(a) concerns motions to compel disclosure or discovery whereas Rule 37(b) relates to a party's failure to comply with a court order.

[5] On March 18, 2015, McKelvey filed objections to Chastain's interrogatory responses. (ECF No. 187). Those objections are moot in light of Chastain's dismissal from this lawsuit.

11

requests for admissions in his Supplemental Discovery Request. (*Id.* at 3). To the extent that McKelvey's February 2015 Motion to Compel relates to his January 2015 Supplemental Discovery Request, it appears that a number of the documents requested by McKelvey were produced before or after he filed his Supplemental Discovery Request, including Defendant Gilkerson's personnel file, (ECF No. 124), and Defendant Kelly's responses to interrogatories, (ECF No. 174). The Court also ordered Defendants to provide McKelvey with "copies of any remaining, yet unproduced records regarding the incident involving [McKelvey]," in September 2014. (ECF No. 109 at 2). Because it appears from the record that some of the information requested by McKelvey in his January 2015 Supplemental Discovery request has been produced by Defendants, the Court cannot determine whether any of the documents listed are still outstanding, and if so, whether Defendants have any objection to producing the documents. Therefore, the Court **ORDERS** McKelvey to file a detailed list of any documents that he has requested that were not produced by Defendants and that he believes are relevant to his claims. The list should **not** include documents that the Court has already determined Defendants are not required to produce and should **not** include any *new* requests. McKelvey has **seven (7) days** from the date of this opinion to file his list. Defendants will then have **seven (7) days** to file a response, or, if Defendants deem no response necessary, **fourteen (14) days** to produce the documents requested.

Turning to McKelvey's March 2015 Motion to Compel More Complete Answers, McKelvey has failed to identify the specific answers to interrogatories that he believes are incomplete or objectionable. Indeed, McKelvey neglected to even attach a copy of Defendants' responses to his interrogatories. Without more information, McKelvey's

Motion to Compel More Complete Answers is **DENIED**. (ECF No. 181).

With regard to McKelvey's March 2015 Motion to Compel under Rule 37(b), Continued, 37(a), McKelvey primarily complains about former Defendant Chastain's purported failure to respond to interrogatories. (ECF No. 182 at 1-2). However, former Defendant Chastain filed a certificate of service for his interrogatory responses on January 29, 2015.[6] (ECF No. 155). Furthermore, because Chastain is a former Defendant, the issue is moot. The remainder of McKelvey's motion relates to the same documents that are the subject of his February 2015 Motion to Compel, and as such, the Motion to Compel under Rule 37(b), Continued, 37(a) is duplicative and unnecessary. For these reasons, the Court **DENIES** McKelvey's Motion to Compel under Rule 37(b), Continued, 37(a), (ECF No. 182).

### D. McKelvey's Request to Inspect and Copy

On March 18, 2015, McKelvey filed a Request to Inspect and Copy with the Clerk of Court and asked that a copy of the document be sent to defense counsel. (ECF No. 186). In his request, McKelvey lists seven things that he would like to inspect or copy:

(1) The amount of time a continuous spray of mace will last when held;

(2) The measurements of the leg shackles used on 9-11-11, the measurements of the chains connecting each shackle, and the measurement of the shackles when fully clasped;

(3) The measurements of the cell (A7-7) with the table, toilet, sink, bed, and shelf all taken into account;

---

[6] As noted above, McKelvey also filed objections to Chastain's interrogatory responses, which demonstrates the McKelvey did receive those responses. (ECF No. 187).

(4) The view of the cell (A7-7) from the guard tower and any obstructed angles;

(5) Any document related to, or any investigation of, the assault of McKelvey on 9-11-11;

(6) The personnel file of Mike Clark, and any Regional Jail Authority or outside entity investigation of Clark or his administrative or professional conduct while employed at the Western Regional Jail;

(7) The tooth fractures (2) procured by the officers or medical staff after the assault on 9-11-11.

(ECF No. 186 at 1). As of the date of this opinion, the record does not evidence that Defendants have responded to McKelvey's Request to Inspect and Copy.[7]

Federal Rule of Civil Procedure 34(a) states:

A party may serve on any other party a request within the scope of Rule 26(b):

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

    (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

    (B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

---

[7] Defendants had thirty days to respond to McKelvey's request. Fed. R. Civ. P. 33(b)(2)(A).

The first four items contained in McKelvey's requests concern tests, inspections, or measurements that McKelvey cannot perform because he is incarcerated. He has cited no authority that would permit an inmate proceeding *pro se* to take measurements of or inspect jail facilities, or conduct tests on weapons used by correctional officers. To the extent that McKelvey requests that Defendants perform these tests, measurements, or inspections on his behalf, Rule 34 does not require Defendants to accommodate such a request. *Cf. McGowan v. Shearing*, No. 3:14-cv-14-NJR-DGW, 2014 WL 5502270, at *4 (S.D. Ill. Oct. 31, 2014) (recognizing that Rule 34 "does not contemplate the appointment of a representative" to assist an inmate in inspecting jail facilities). With regard to his fifth request, the Court has already ordered Defendants to provide McKelvey with "copies of any remaining, yet unproduced records regarding the incident involving [McKelvey]." (ECF No. 109 at 2). In relation to his sixth request, Clark has not been served in this litigation, and thus, his personnel file is not relevant to McKelvey's claims.[8] Finally, with regard to McKelvey's request that the tooth fractures be provided to him for his inspection, the Court **ORDERS** that Defendants shall produce the tooth fractures, if they retained possession of them, for McKelvey's inspection within **fourteen (14) days** from the date of this opinion.

### E. McKelvey's Motion for Continuance to Request Discovery

On March 25, 2015, McKelvey filed a motion to extend the discovery deadline. (ECF No. 190). McKelvey asserts that he wishes to serve additional interrogatories on certain defendants as he has only served twenty interrogatories on those defendants. (*Id.* at 1). Additionally, McKelvey states that he has requested additional discovery

---

[8] In addition, any outside entity's report of investigation concerning Clark may not be in the "possession, custody, or control," of Clark, as required by Rule 34(a)(1).

documents that "may require additional disclosures of documents and material." (*Id.*)

On March 17, 2014, the Court ordered that all written discovery requests be served by June 27, 2014, and that discovery be completed by September 26, 2014. (ECF No. 52 at 2). On January 21, 2015, after granting McKelvey's oral motion to amend his complaint, the Court extended the discovery deadline to May 22, 2015; however, written discovery requests related to the newly added defendants were due by March 27, 2015. (ECF No. 149 at 2-3). McKelvey was well aware that the written discovery deadline was fast approaching when he sent only twenty interrogatories to Defendants Stephens and Jones on March 18, 2015, (ECF No. 188).[9] Moreover, this case is relatively simple and has been pending for nearly two years, during which time McKelvey has been granted significant leeway in adding defendants and obtained a considerable amount of discovery. As such, the Court is not inclined to extend the discovery deadline. The Court has taken the May 22, 2015 deadline into account throughout this opinion in ordering that certain discovery be produced. For these reasons, the Court **DENIES** McKelvey's Motion for Continuance to Request Discovery, (ECF No. 190).

### F. McKelvey's Motion for Appointment of Counsel

On April 23, 2015, McKelvey filed a Motion for Appointment of Counsel, asserting that counsel should be appointed because he lacks legal knowledge. (ECF No. 200 at 1). McKelvey insists that counsel would be able to more easily compel Defendants to produce discovery material and that an attorney would be able to assist both him and the Court in relation to any substantive motions. (*Id.* at 2). The Court

---

[9] McKelvey has filed an objection to the interrogatory responses by Stephens and Jones. (ECF No. 198). However, McKelvey again fails to specify which particular responses are objectionable.

previously denied McKelvey's request for counsel. (ECF No. 19 at 1). Since that time, no circumstances have changed leading the Court to conclude that McKelvey meets the high threshold necessary for the appointment of counsel in this § 1983 action. Accordingly, the Court **DENIES** McKelvey's Motion for Appointment of Counsel, (ECF No. 200).

IV. <u>**Conclusion**</u>

In summary, for the aforementioned reasons, the Court **ORDERS** the following:

(1) Defendants' Motion for a Protective Order, (ECF No. 195), is **GRANTED**, **in part**, and **DENIED**, **in part**. Defendants shall have **fourteen (14) days** from the date of this opinion to answer McKelvey's request for admissions consistent with this opinion.

(2) McKelvey's Motion for Supplemental Interrogatories, (ECF No. 154), is **DENIED**.

(3) With respect to McKelvey's Motion to Compel, (ECF No. 175), **McKelvey** must file a detailed list of any documents that he has requested that were not produced by Defendants and that he believes are relevant to his claims. The list should not include documents that the Court has already determined Defendants are not required to produce. McKelvey has **seven (7) days** from the date of this opinion to file his list. Defendants will then have **seven (7) days** to file a response, or, if Defendants deem no response necessary, **fourteen (14) days** to produce the documents requested.

(4) McKelvey's Motion to Compel More Complete Answers, (ECF No. 181), is **DENIED**.

(5) McKelvey's Motion to Compel under Rule 37(b), Continued, 37(a), (ECF No. 182), is **DENIED**.

(6) McKelvey's Request to Inspect and Copy, (ECF No. 186), is **GRANTED**, **in part**, and **DENIED**, **in part**. Defendants shall have **fourteen (14) days** from the date of this opinion to produce the tooth fractures, if they retained possession of them, for McKelvey's inspection.

(7) McKelvey's Motion for Continuance to Request Discovery, (ECF No. 190), is **DENIED**.

(8) McKelvey's Motion for Appointment of Counsel, (ECF No. 200), is **DENIED**.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** May 7, 2015.

Cheryl A. Eifert
United States Magistrate Judge